**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JAMES ANTIWON CHASE,**

    **Petitioner,**

**v.**  //  **CIVIL ACTION NO. 1:11CV108**
                                              **(Judge Keeley)**

**GEORGE TRENT, et al,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On July 14, 2011, the pro se plaintiff James Antiwon Chase ("Chase") filed a state civil rights complaint pursuant to 18 U.S.C. § 1983. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with LR PL P 2. After determining that summary dismissal of Chase's complaint was not warranted, Magistrate Judge Kaull entered an Order to Answer and issued a summons for the defendant, George Trent ("Trent"). Dkt. No. 24. Trent entered a motion to dismiss, or in the alternative for summary judgment, on March 19, 2012. Dkt. No. 29. Magistrate Judge Kaull then issued to Chase a Roseboro notice (dkt. no. 31), and Chase replied to Trent's motion. Dkt. No. 49.

On October 16, 2012, Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R"), in which he recommended that Trent's motion for summary judgment be granted as to Chase's § 1983 complaint. (Dkt. No. 50). The magistrate judge determined that Chase failed as a matter of law to show that Trent violated his

Eighth Amendment rights because he had not shown that Trent consciously disregarded a risk of serious harm to Chase of which he had actual knowledge. Dkt. No. 50 at 11.

The R&R also specifically warned Chase that his failure to object to the recommendation would result in the waiver of any appellate rights he might otherwise have on this issue. The parties did not file any objections.[*] Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 50), **GRANTS** the motion to dismiss, or in the alternative for summary judgment (dkt. no. 29), and **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and stricken from the Court's docket.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: November 19, 2012.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[*] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).